UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JEFF JAYVONNE LOCKHART,

                     Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

**MEMORANDUM AND ORDER**

20-CV-4865 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      For the reasons stated on the record at the March 16, 2022 oral argument and as set out in summary below, Plaintiff's motion for judgment on the pleadings is granted in part and denied in part. The Commissioner's cross-motion for judgment on the pleadings is denied in part and granted in part.

## BACKGROUND

      On September 20, 2016, Plaintiff protectively filed an application for supplemental security income ("SSI") under Title XVI of the Act, alleging disability beginning June 8, 2016. (R. 10, 62.) The application was denied, and Plaintiff requested a hearing. (R. 10, 100-01.) Plaintiff appeared, represented, and testified via video before Administrative Law Judge ("ALJ") David Suna on January 28, 2019. (R. 10.) On March 20, 2019, the ALJ denied Plaintiff's claim. (R. 10-27.) Plaintiff requested review by the Appeals Council, which was denied on April 13, 2020, making the ALJ's decision the final decision of the Commissioner. (R. 1–6.) On October 9, 2020, Plaintiff appealed the decision to this Court. The Court assumes the parties' familiarity with the facts.

**STANDARD OF REVIEW**

Under the Social Security Act, a disability claimant may seek judicial review of the Commissioner's decision to deny his application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence…"). Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex rel. T.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the Court must defer to the Commissioner's conclusions regarding the weight of conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). If the Commissioner's

findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)). Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

Plaintiff challenges the Commissioner's decision on four grounds: (1) that the ALJ erred at Step 3 by not finding that Plaintiff was moderately limited in two of the paragraph B criteria of listing 12.03; (2) that an Residual Functional Capacity ("RFC") limiting Plaintiff to "occasional interaction with coworkers" is inconsistent with a "marked limitation in interaction with others"; (3) that the ALJ failed to consider the portion of treating physician Dr. Harenja's opinion that that Plaintiff would need to be absent from work more than three time per month; and (4) that the ALJ failed to afford controlling weight to the opinion of treating physician Dr. Harenja's.

As to Plaintiff's first challenge, the ALJ did not err in finding that Plaintiff's symptoms did not meet or medically equal listing 12.03. Under paragraph B of Listing 12.03, the record must demonstrate at least one extreme or two marked limitations in the following areas of mental functioning: (i) understanding, remembering, or applying information; (ii) interacting with others; (iii) concentrating, persisting, or maintaining pace; and (iv) adapting or managing oneself. 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.00(E)-(F), 12.03(B).

3

Here, the ALJ found that the evidence supported a marked limitation in interacting with others but only moderate limitations in the other three areas, and thus Plaintiff's impairment did not satisfy the listing. (R. 13–14). In finding that Plaintiff had only moderate limitations in the other three areas, the ALJ cited treatment notes documenting normal thought content, attention, concentration, and memory, as well as self-reported activities of daily living. (*Id.*) Without addressing the evidence on which the ALJ relied, Plaintiff points to evidence that Plaintiff argues supports some level of limitation in each of the three criteria. (Pl.'s Mem. L. Supp. Mot. J. Pldgs. ("Pl.'s Mem.") 24–25, ECF No. 28.) In effect, Plaintiff asks the Court to weigh the evidence differently than the ALJ did. But the ALJ's step three finding was supported by substantial evidence, and the Court must affirm the Commissioner's findings if they are supported by substantial evidence, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. Moreover, contrary to Plaintiff's contention, the RFC adequately accounts for limitations in concentration, persistence, or pace by limiting Plaintiff to "simple routine tasks that are not at a production rate pace" and precluding him from performing tandem tasks.[1] (R. 14.) The ALJ's Step 3 determination is supported by substantial evidence.

Plaintiff's second challenge is largely without merit. An RFC limiting a plaintiff to "occasional interaction with coworkers" is not inconsistent with a finding of "marked limitation in interaction with others." *See Fiducia v. Comm'r of Soc. Sec.*, No. 1:13-CV-285, 2015 WL

---

[1] The Court notes that Plaintiff failed to provide reporter citations for the cases upon which Plaintiff relied. In any event, the RFC here, unlike the RCF in *Herren v. Berryhill*, explicitly addresses pace and addresses concentration in limiting Plaintiff from performing tandem tasks. No. 3:16-CV-1183(WIG), 2018 WL 921500, at *3 (D. Conn. Feb. 16, 2018) (RFC limitations of "simple, routine, repetitive work and occasional interaction with others," did not adequately address deficiencies in concentration, persistence, or pace). Further, *Munnings-Bah v. Saul*, is inapposite. There, the court determined only that the ALJ would need to reconsider the Paragraph B analysis upon further developing the record on remand. No. 19CIV3510LJLRWL, 2020 WL 5755065, at *16 (S.D.N.Y. Sept. 14, 2020), *report and recommendation adopted sub nom. Bah v. Comm'r of Soc. Sec.*, No. 19-CV-3510 (LJL), 2020 WL 5880182 (S.D.N.Y. Oct. 2, 2020).

4

4078192, at *4 (N.D.N.Y. July 2, 2015) ("[t]he fact that [a] plaintiff was found to have a marked limitation interacting with others does not conclusively demonstrate that she is unable to work, particularly [where] the ALJ limited plaintiff to work that does not require more than occasional interaction with the public and co-workers."). Nor is an RFC limitation of "occasional interaction with coworkers" inconsistent with a limitation of "no more than incidental contact" with the public. However, the ALJ's opinion is internally inconsistent with respect to Plaintiff's limitations in interacting with the public. Although the RFC states that Plaintiff should have "no contact with the general public other than incidental contact" (R. 14), the ALJ's decision also states that the ALJ "found that [Plaintiff] . . . cannot interact with the general public." (R. 18.) Because the Court is remanding this matter on Plaintiff's third and fourth challenges, as set forth below, the ALJ should, on remand, provide clarity as to this internal inconsistency.

Plaintiff's third and fourth challenges, which relate to the ALJ's assessment of the opinions of treating psychiatrist Dr. Harenja, have merit. It is not clear from the record what weight the ALJ to Dr. Harenja's first opinion at all.[2] (R. 20.) Moreover, although the ALJ acknowledged the portion of Dr. Harenja's opinion stating that Plaintiff would need to be absent from work more than three days a month (R. 20), the ALJ failed to reconcile that finding with the vocational expert's testimony that no more than one absence a month or three absences a quarter would be tolerated (R. 57). *See Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015) ("Because a vocational expert in this case testified that [the claimant] could perform no jobs available in large numbers in the national economy if he had to miss four or more days of work per month . . . the ALJ's failure to provide adequate reason for rejecting [the treating physician's] opinion was not harmless."); *Iglesias-Serrano v. Colvin*, No. 16 Civ. 418, 2016 WL 7441697, at *8 (S.D.N.Y.

---

[2] Because Plaintiff's application was filed prior to March 27, 2017, the treating physician rule applies.

5

Dec. 23, 2016) ('The ALJ's failure to even address this issue of how much time Plaintiff would miss in a month based on her ailments and the vocational expert's testimony that there would be no . . . employment available for a person who missed more than one day per month was legal error.'"). Accordingly, this case is remanded for further consideration. On remand, the ALJ should evaluate Dr. Harenja's first opinion and address the portions of his opinions that relate to Plaintiff's absences. Moreover, the ALJ should provide clarity regarding the internal contradictions in his opinion concerning limitations on Plaintiff's interaction with members of the public.

## CONCLUSION

For the reasons stated on the record and set forth herein, Plaintiff's motion for judgment on the pleadings is GRANTED in part and DENIED in part, and Defendant's cross-motion for judgment on the pleadings is DENIED in part and GRANTED in part. Plaintiff's motion is granted, and the Commissioner's motion is denied, with respect to Plaintiff's second, third, and fourth challenges concerning Plaintiff's limitations in interacting with the general public the ALJ's assessment of the opinions of treating physician Dr. Harenja. Plaintiff's motion is denied, and the Commissioner's motion is granted with respect to Plaintiff's first challenge regarding the ALJ's step three analysis. The case is REMANDED for further proceedings consistent with this memorandum and order.

SO ORDERED.

Dated: Brooklyn, New York  
      March 28, 2022

/s/ LDH  
LASHANN DEARCY HALL  
United States District Judge